Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| CRISTINA MARÍA RIVERA RODRÍGUEZ<br><br>Peticionaria<br><br><br>V.<br><br><br>HÉCTOR IVÁN PÉREZ RIVERA<br><br>Recurrido | KLCE202500180 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025RF00177<br><br>Sobre: Custodia-Monoparental o Compartida, Alimentos – Menores de Edad |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de febrero de 2025.

El 21 de febrero de 2025, compareció ante este Tribunal de Apelaciones, la señora Cristina M. Rivera Rodríguez (en adelante, señora Rivera Rodríguez o parte peticionaria), mediante *Petición de Certiori Civil* acompañado de la *Moción Urgente en Auxilio de Jurisdicción*. La parte peticionaria nos solicita que revisemos la *Orden* emitida y notificada el 1 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón y que ordenemos que el menor EARP no sea removido de la jurisdicción de Puerto Rico sin nuestra autorización. En virtud del aludido dictamen, el foro *a quo* dejó sin efecto una *Orden* emitida el 14 de febrero de 2025.

Por los fundamentos que expondremos a continuación, se deniega el recurso de *certiorari* y se declara No Ha Lugar la *Moción Urgente en Auxilio de Jurisdicción*.

Número Identificador

RES2025 _____

**I**

Conforme surge del expediente, el 3 de febrero de 2025, la señora Rivera Rodríguez presentó una *Demanda* sobre custodia, patria potestad y alimentos, en contra del señor Héctor I. Pérez Rivera (en adelante, señor Pérez Rivera o parte recurrida).

Posteriormente, la parte peticionaria presentó la *Urgente Moción en Solicitud de Orden Prohibiendo Salida del Menor Fuera de Puerto Rico*. En su moción, la señora Rivera Rodríguez adujo que, cuando el señor Pérez Rivera advino en conocimiento del caso de epígrafe, instó un procedimiento en el estado de Florida, E.E.U.U., donde aún no había sido emplazada conforme a derecho. Sostuvo que, debido a que la parte recurrida se proponía a llegar a Puerto Rico en esos días, esta temía que él se llevara al menor fuera de la Isla. A tales efectos, le solicitó al foro *a quo* que emitiera una orden donde prohibiera que el menor fuera removido de la jurisdicción de Puerto Rico sin autorización previa del Tribunal, hasta tanto se resolviese la controversia presentada en la *Demanda*.

Consecuentemente, el 14 de febrero de 2025, el foro recurrido emitió *Orden*. En virtud de dicha *Orden*, el Tribunal de Primera Instancia, como medida cautelar, prohibió que el menor EAPR, fuera removido y/o relocalizado fuera de la jurisdicción de Puerto Rico sin el consentimiento expreso de ambos progenitores o, en su defecto, sin la autorización del Tribunal. Asimismo, le apercibió que, la remoción y/o relocalización del menor sin la autorización expresa de ambos progenitores o del Tribunal constituiría delito conforme a la legislación federal conocida como *Parental Kidnapping Prevention Act*.

En igual fecha, la primera instancia judicial emitió otra *Orden* donde determinó lo siguiente:

> Luego de sostener una conversación telefónica con el Honorable Juez Hal C. Epperson Jr., Juez de Circuito del Noveno Circuito Judicial del Condado de Osceola en

la Florida, EE.UU., así como luego de estudiar el contenido del documento titulado **ORDER DIRECTING THE RESPONDENT, CHRISTINA RODRÍGUEZ, TO RETURN THE MINOR CHILD DESCRIBED HEREIN TO OSCEOLA COUNTY, THE STATE OF FLORIDA, AND TO PLACE THE CHILD INTO THE INMEDIATE CUSTODY OF THE PETICIONER, <u>se deja sin efecto la Orden emitida en el día de hoy 14 de febrero de 2025 en el presente caso</u>**, mediante la cual se prohibía la salida del menor de la jurisdicción de Puerto Rico. Ello luego de evaluar que el "home state" y, por consiguiente, quien tiene jurisdicción sobre el menor es el Estado de Florida.

Por consiguiente, no existe impedimento alguno, dentro de los procesos del presente caso, para que la Sra. Cristina María Rivera Rodríguez pueda cumplir con la Orden emitida por el Honorable Juez Hal C. Epperson Jr.

En desacuerdo, la parte peticionaria presentó el *Escrito en Solicitud de Reconsideración de Orden Enmendada*. En esencia, sostuvo que, el Tribunal del estado de Florida no había asumido jurisdicción sobre su persona debido a que no había sido emplazada conforme a derecho, ni había sido notificada sobre ninguna orden emitida por este. Argumentó, además, que, el foro *a quo* ostentaba jurisdicción debido a que cumplía con los criterios expuestos en la ley federal *Uniform Child Custody Juisdiction and Enforcement Act* (UCCJEA).

Finalmente, el foro recurrido emitió *Resolución*, mediante la cual declaró No Ha Lugar la solicitud de reconsideración.

Aún inconforme, la parte peticionaria acudió ante este foro revisor mediante recurso de *certiorari* acompañado de la *Moción Urgente en Auxilio de Jurisdicción*, y esgrimió los siguientes señalamientos de error:

- Erró el TPI al dejar sin efecto la Orden dictada el 14 de febrero de 2025, prohibiendo la salida del menor, sin una vista evidenciaria para establecer la jurisdicción del tribunal de Florida, y sin existir comparecencia y/o alegación de clase alguna por la parte recurrida ante dicho foro.

- Err[ó] el TPI al sostener conversaciones ex – parte con los representantes legales de la parte recurrida y el Honorable Juez Hal C. Epperson Jr.

- Err[ó] el TPI al ordenar el cumplimiento con orden emitida por el Tribunal del Estado de la Florida, sin dicho foro haya obtenido jurisdicción sobre la parte peticionaria y sin tener jurisdicción o autorización para ordenar el cumplimiento de un tribunal fuera de Puerto Rico.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[1].

**II**

### *El Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[1] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

[2] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones

sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro). [. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En el recurso ante nuestra consideración, la parte peticionaria presenta tres señalamientos de error. Como primer señalamiento de error, sostiene que, el foro *a quo* incidió al dejar sin efecto la *Orden* emitida el 14 de febrero de 2025, sin llevar a cabo una vista evidenciaria para establecer la jurisdicción el tribunal de Florida, y sin existir comparecencia y/o alegación alguna por la parte recurrida ante dicho foro. Como segundo señalamiento de error, la parte peticionaria arguye que, el foro primario erró al sostener conversaciones *ex parte* con los representantes legales de la parte recurrida y el Honorable Juez Hal C. Epperson Jr. En su tercer señalamiento de error, la señora Rivera Rodríguez aduce que, el Tribunal de Primera Instancia incidió al ordenar el cumplimiento con la Orden emitida por el Tribunal del Estado de la Florida, sin que el mencionado foro hubiese obtenido jurisdicción sobre esta y sin tener jurisdicción o autorización para ordenar el cumplimiento de una orden de un tribunal fuera de Puerto Rico.

Evaluado el recurso presentado por la parte peticionaria, colegimos que, en ausencia de los criterios expuestos en la Regla 40 del Reglamento de este Tribunal, *supra,* no intervendremos con el mismo. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia.[3]

---

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *Certiorari* y se declara No Ha Lugar la *Moción Urgente en Auxilio de Jurisdicción.*

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones